# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 509
IRWIN et al v, TOL., FOST. & FIN. RY. CO.
Ohio Appeals, 6th Dist., Lucas County

114. ATTORNEY FEES—Attorney held entitled to fees under a contingent contract whereby he is to receive a percentage of the recovery.

BY THE COURT.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action for attorney fees brought by Irwin and Thatcher. The plaintiffs had originally been employed to prosecute an action against the Railway Company for wrongful death of Albright. The plaintiffs had been employed by the administrator who had signed the ordinary contingent fee contract, which provided for one-third of any amount recovered in an action or one-fourth of a settlement. The railway company offered $10,000 in settlement. At this point one Smith and one Cole induced the administrator to sign a contract employing them and to attempt a dismissal of the plaintiffs. Irwin refused to be discharged.

Finally the Company settled the case direct for $11,000. Of this fund $2,000 was paid into the hands of a bank to be held as an indemnity in case the administrator and widow were held for attorney fees. The plaintiffs then filed an action for their share of this amount. The trial court held that the administrator was liable in the sum of $2,750. The court also found that the deposit in the bank should be applied toward the payment of this claim. The court cut off all rights of Cole and Smith to the fund in question and found in favor of the Railway Company. Error was prosecuted to the Court of Appeals. The Court of Appeals held:

1. The $2,000 in the bank should be awarded the plaintiffs, but reduced the judgment $250.00 upon the ground that the largest sum which the plaintiffs were able to procure was $10,000 instead of $11,000, but made no finding as to the Railway Company.

---

No. 510

HAM v. WHEELER and CAMERON

Ohio Appeals, 6th Dist., Fulton County
No. 70. Decided June 2, 1924

147. BILLS AND NOTES—Where there are two endorsers with the words "without recourse" after the name of the second endorser, the Court will not hold these words to be applicable to the first endorser. 4

KINKADE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Action on promissory note against the two makers of the note and an endorser of the note by the name of L. C. Cameron. The note was endorsed as follows:

"L. C. Cameron
W. E. Fowler
without recourse"

Camerson demurred to the petition on the grounds that the note was endorsed without recourse as to him and for the further reason that the makers of the note were non-residents of the State of Ohio and that no valid service of summons could be made upon them within the Court of Common Pleas of Fulton county. The Common Pleas Court sustained the demurrers and on appeal the Court of Appeals reversed that judgment and remanded the cause for further proceedings, holding:

1. The court will not hold the words "without recourse" following the name of the second endorser as applicable to the first endorser on demurrer to the petition. If that be a fact, it must be made to appear in the pleadings by answer, and be supported by evidence.

Sec. 11334 GC. authorizes the form of pleading filed in this case which includes Cameron as one of the defendants against whom judgment is sought.

Attorneys—F. S. and J. H. Ham, for Ham; Fred B. Fowler, for Cameron; all of Wauseon.